**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4738**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

CHARLES HENRY MOORE, JR., a/k/a June Bug,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:09-cr-00012-F-1)

Submitted:  February 24, 2011      Decided:  February 28, 2011

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE, PARKER, SCHNEIDER, BRYAN & VITALE,
Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Henry Moore, Jr., pled guilty to possession with intent to distribute fifty grams or more of cocaine base ("crack") and a quantity of cocaine, and to carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2010). Moore was sentenced to 120 months of imprisonment for the drug violation and to a consecutive sixty-month term for the gun violation. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issue: whether the district court erred in sentencing Moore to sixty months of imprisonment for the § 924(c) violation, when it first stated that it was going to impose a twenty-four-month sentence for the violation. For the reasons that follow, we affirm.

We review Moore's sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Sentencing Guidelines range, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see

2

<u>United States v. Lynn</u>, 592 F.3d 572, 575-76 (4th Cir. 2010). If the sentence imposed is within the Sentencing Guidelines range, we apply a presumption of reasonableness. <u>Rita v. United States</u>, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence). We note that Moore's disputed sixty-month sentence for his § 924(c) violation and his 120-month sentence for his distribution conviction are statutory minimum sentences and are not otherwise subject to error.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Moore's convictions and sentences. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>